UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BRIAN ELAM | * | |
| | * | |
| | * | CIVIL ACTION NO. |
| VERSUS | * | |
| | * | SECTION: |
| EDDIE HOWARD, MTI BUS | * | |
| COMPANY, INC., and | * | JUDGE: |
| PROTECTIVE INSURANCE | * | |
| COMPANY | * | MAGISTRATE JUDGE: |

## COMPLAINT FOR DAMAGES

**NOW INTO COURT**, through undersigned counsel, comes plaintiff BRIAN ELAM ("Complainant"), a person of the full age of majority and resident of and domiciled in the Parish of Jefferson, State of Louisiana, who hereby files this Complaint and represents the following:

### I.   JURISDICTION

1.

This court has diversity jurisdiction over this matter pursuant to 28 USC §§ 1332 because the matter in controversy here exceeds $75,000 and the parties are citizens of different states. Specifically, Complainant is a citizen of Louisiana, and, upon information and belief, defendants EDDIE HOWARD and MTI BUS COMPANY, INC. are citizens of Georgia, and PROTECTIVE INSURANCE COMPANY is a citizen of Indiana.

## II. PARTIES

2.

Made Defendants herein are:

A) EDDIE HOWARD, a person of the full age of majority domiciled in the state of Georgia, who caused Complainant's damages;

B) MTI BUS COMPANY, INC., a Georgia Corporation which, upon information and belief, owned the vehicle driven by EDDIE HOWARD, employed EDDIE HOWARD, and which independently caused Complainant's damages; and

C) PROTECTIVE INSURANCE COMPANY, a foreign insurance carrier which, upon information and belief, is the insurance provider for co-defendants EDDIE HOWARD and MTI BUS COMPANY, INC.

## III. ALLEGATIONS

3.

Complainant files suit in order to recover for serious physical injuries sustained as a result of defendant EDDIE HOWARD ("Mr. Howard") having recklessly run a tour bus into a Genie lifter while Complainant was elevated high above the street, standing on the Genie's work platform. The tour operated by Mr. Howard at the time of the crash was owned by defendant MTI BUS COMPANY, INC. ("MTI"). Defendants are indebted unto Complainant in an amount sufficient to fully compensate him for all general and special damages, as well as legal interest and court costs, judicial interest, and any other reasonable damages for the following reasons:

4.

On November 22, 2018, at approximately one o'clock p.m., Complainant was working as a painter on the building located at 621 St. Louis St., in New Orleans, Louisiana. To perform the

work, it was necessary for Complainant to elevate himself high in the air using the work platform of a Genie aerial lift.

5.

At the same time, defendant Mr. Howard was driving a 2017 Temsa TS 45 tour bus northbound in the 600 block of St. Louis St. Mr. Howard was operating the tour bus within the course and scope of his employment with defendant MTI.

6.

When he reached the intersection of St. Louis and Royal Streets, Mr. Howard attempted to execute a left turn onto Royal St. As he turned, the rear of the tour bus struck the Genie aerial lift upon which Complainant was standing and painting.

7.

Complainant then felt a hard jolt as the lift was violently shaken, causing Complainant to lose his balance and fall. Complainant then held tightly to the work platform to keep himself from falling to the street below.

8.

Soon after, New Orleans Police Department Officer Quannecia Booker arrived to make a report of the incident. Officer Booker noted the damage to the Genie and issued Mr. Howard a citation for failure maintain reasonable vigilance, in violation of New Orleans Municipal Ordinance § 154-400.

9.

As the driver of a commercial tour bus, defendant Mr. Howard had a duty to operate the tour bus with diligence and care. Mr. Howard breached that duty through his negligent and/or reckless driving, which consists more particularly, but not exclusively, of the following:

a) Failure to maintain reasonable vigilance, in violation of New Orleans Municipal Ordinance § 154-400;

b) Failure to keep a proper lookout for other vehicles in order to avoid a collision;

c) Failure to maintain control of the tour bus so as to prevent it from colliding with the Genie aerial lift supporting the Complainant;

d) Failure to apply the brakes of the tour bus timely and properly so as to bring it to a stop before colliding with the Genie aerial lift supporting the Complainant;

e) Violating City and State traffic laws and ordinances;

f) Careless operation of a motor vehicle; and

g) Any other acts and omissions as will be shown at trial, all of which were in contravention of the exercise of due care, prudence, and the laws of Louisiana which are specifically pleaded as if and as though copied *in extenso*.

10.

As a result of the collision described above, Complainant has suffered severe bodily injuries to his neck, back, left wrist and head; pain and suffering from those injuries; medical expenses; mental anguish; lost wages; and any other damages that may come to light through discovery in this matter.

11.

Upon information and belief, defendant MTI is the record owner of the tour bus that Mr. Howard was driving when he caused the collision with the Genie aerial lift supporting the Complainant. Upon further information and belief, Mr. Howard was driving the tour bus while on a mission for MTI at the time of the collision complained of here.

12.

Defendant MTI was therefore negligent in the following respects:

a) Entrusting the tour bus to Mr. Howard; and

b) Any other acts and omissions as will be shown at the trial of this matter, all of which were in contravention of the exercise of due care, prudence, and the laws and ordinances of the state of Louisiana, which are specifically pleaded as if and as though copied *in extenso*.

13.

Complainant further avers that the defendant, Mr. Howard, was acting with the permission of, and as agent for, and/or in furtherance of missions for the defendant, MTI, in his operation of the tour bus involved in the collision and, as such, defendant MTI is vicariously responsible for any and all acts of negligence committed by the defendant Mr. Howard in the operation of the tour bus which he was driving at the time of this accident.

14.

Defendant MTI is also independently liable to Complainant jointly, severally, and *in solido*, for his injuries and damages due to MTI's own negligent acts and/or omissions, which consist more particularly, but not exclusively, of the following:

a.) Failure to properly or adequately supervise their servant, Mr. Howard

b.) Failure to properly or adequately train their servant, Mr. Howard;

c.) Negligently sending a careless driver, Mr. Howard, on a mission; and

d.) Any other acts and omissions as will be shown at the trial of this matter, all of which were in contravention of the exercise of due care, prudence, and the laws and

ordinances of the state of Louisiana, which are specifically pleaded as if and as though copied *in extenso*.

15.

Upon information and belief, at all times relevant herein, defendant, PROTECTIVE INSURANCE COMPANY ("Protective") had in force and effect insurance policies providing liability insurance coverage for the tour bus that MTI owns, and Mr. Howard was driving when he ran into the Genie aerial lift supporting the Complainant. Protective is therefore liable jointly, severally, and *in solido* for the damages that Complainant suffered.

**WHEREFORE,** Complainant prays that a copy of this Complaint be served on the defendants, that they be cited to appear and answer same, and that, in due course, there be Judgment rendered against them in favor of Complainant, in an amount to be determined by the trier of fact which will fully compensate Complainant for all general and special damages suffered by him, including but not limited to, legal interest from date of judicial demand and all costs of these proceedings.

Respectfully Submitted:

**EGENBERG, APLC**

*/s/ Bradley Egenberg*

BRADLEY EGENBERG (#29848)
BEN BERMAN (La. #36798)
650 Poydras Street, Suite 2525
New Orleans, Louisiana 70130
Telephone:   (504) 229-5700
Facsimile:    (504) 617-7911
Email:         ben@egenberg.com
***Attorneys for Complainant Brian Elam***