UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BRIAN ELAM | CIVIL ACTION |
| VERSUS | NO. 19-10379 |
| EDDIE HOWARD, MTI BUS COMPANY, INC., and PROTECTIVE INSURANCE COMPANY | SECTION: M (3) |

## ORDER TO SHOW CAUSE

Plaintiff filed this action on May 14, 2019, pursuing claims under state law and basing federal subject-matter jurisdiction on diversity of citizenship. The diversity statute, 28 U.S.C. § 1332, is satisfied upon a showing of: (1) diversity of citizenship between the parties; and (2) an amount in controversy in excess of $75,000, exclusive of interest and costs. Diversity, as prescribed by § 1332, requires that "all persons on one side of the controversy be citizens of different states than all persons on the other side." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (internal quotation marks omitted). Where "jurisdiction depends on citizenship, citizenship must be '***distinctly*** and ***affirmatively*** alleged.'" *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (emphasis in original). The burden of proving diversity jurisdiction "rests upon the party who seeks to invoke the court's diversity jurisdiction." *Id.*

Plaintiff alleges in his complaint that he is domiciled in Louisiana and that defendant Eddie Howard is domiciled in Georgia. The citizenship of an individual is his or her domicile, *i.e.*, where the individual resides and intends to remain. *Acridge v. Evangelical Lutheran Good Samaritan Soc.*, 334 F.3d 444, 448 (5th Cir. 2003). Thus, these allegations of citizenship are sufficient.

Plaintiff also alleges, upon information and belief, that defendant MTI Bus Company, Inc., is a "Georgia Corporation" (presumably, its state of incorporation) and a citizen of Georgia, and that defendant Protective Insurance Company is a "foreign insurance carrier" and a citizen of Indiana. However, plaintiff's complaint does not identify MTI Bus Company, Inc.'s principal place of business or whether Protective Insurance Company is a corporation or an LLC. A corporation is a citizen of every state in which it is incorporated and every state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). The Fifth Circuit has held that the citizenship of an LLC "is determined by the citizenship of all its members." *Harvey*, 542 F.3d at 1079-80. If the members are themselves partnerships or LLCs, the citizenship of those entities must be alleged in accordance with the rules applicable to that type of entity, and the citizenship must be traced through however many layers of members or partners there may be to individuals or corporations. *Mullins v. TestAmerica Inc.*, 564 F.3d 386, 397-98 (5th Cir. 2009). Thus, neither MTI Bus Company, Inc.'s, nor Protective Insurance Company's citizenship is clear from the pleadings, and as a consequence, the existence of federal subject-matter jurisdiction is in question.

Though the issue of jurisdiction has not been contested by either party, the Court has an independent obligation to determine whether subject-matter jurisdiction exists. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). This duty persists throughout all phases of the litigation, "even after trial and the entry of final judgment." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506-07 (2006). Therefore,

IT IS ORDERED that the parties show cause as to why this matter should not be dismissed due to the absence of diversity under 28 U.S.C. § 1332. Plaintiff shall have fourteen (14) days from the entry of this order to submit:

(1) a response sufficiently alleging (a) MTI Bus Company's principal place of business; and (b) Protective Insurance Company's form of business entity and, accordingly, either (i)

identifying all of the members of the LLC and the citizenship of each member as of May 14, 2019, in accordance with the rules applicable to that type of entity, or (ii) identifying the states in which Protective Insurance Company, if a corporation, is incorporated and maintains its principal place of business, also as of May 14, 2019; and

(2) if appropriate, a motion for leave, pursuant to 28 U.S.C. § 1653, to amend the jurisdictional allegations of the complaint to adequately allege diversity subject-matter jurisdiction.

New Orleans, Louisiana, this 15th day of May, 2019.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE